**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 2:18-cv-02032-MSN-cgc** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE UNIVERSITY OF MEMPHIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**DEFENDANT UNIVERSITY OF MEMPHIS'
ANSWER TO SECOND AMENDED COMPLAINT**
_____

Defendant University of Memphis (the "University" or "Defendant"), by and through the

Office of the Tennessee Attorney General, submits its Answer to the Second Amended

Complaint filed by Plaintiff Jane Doe.

### First Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The University does not have a legal duty under Title IX of the Education Amendments

of 1972 ("Title IX") to address or investigate an incident of gender discrimination that occurs

outside of any of its "education program[s] or activit[ies]."  In the instant case, Plaintiff's two

alleged sexual assaults did not occur within a University-related educational program or activity

or at locations where the University had any supervision or control.  Although Plaintiff asserts

that she earlier went to fraternity events, Plaintiff cannot dispute that she voluntarily left those

fraternity events and was no longer participating in a University-related program or activity or on

premises over which the University had any control at the time of the alleged sexual assaults. Because Defendant had no legal duty under Title IX to investigate the two alleged sexual assaults, Plaintiff's allegations of improper, inadequate and/or untimely investigation by Defendant regarding those assaults are therefore barred.  Similarly, to the extent that Plaintiff alleges gender discrimination occurring outside of an educational program or activity of the University, such as social media postings by third-parties and/or alleged vandalism of personal property by unknown parties at unknown locations, the University has no legal duty under Title IX to investigate, discipline, or otherwise address such incidents.

### Third Defense

Plaintiff's claims are barred because Defendant did not act with deliberate indifference toward Plaintiff and reasonably responded to the allegations described in the Second Amended Complaint.  Even if Plaintiff satisfied the deliberate indifference element, she was not subjected to further harassment because of Defendant's alleged deliberate indifference.

### Fourth Defense

Defendant's actions toward Plaintiff were at all times legitimate, nondiscriminatory, non-pretextual and non-retaliatory.

### Fifth Defense

Plaintiff's educational experience at the University was not permeated with discriminatory intimidation, ridicule, or insult.  Further, Plaintiff did not experience harassment so severe, pervasive, and objectively offensive that it deprived, or altered the conditions of, her educational environment, access to educational opportunities, or benefits provided by the University.

**Sixth Defense**

The University's response to student complaints of gender discrimination complied with Title IX requirements and the University's policies and practices.

**Seventh Defense**

Plaintiff fails to allege sufficient facts to demonstrate that the University failed to enact, disseminate, or implement policies to discover, prohibit, or remedy gender discrimination. Further, the University's policies and practices comported with the requirements under Title IX.

**Eighth Defense**

To the extent that Plaintiff experienced harassment based on personal animus and not based on her sex, such harassment is not actionable under Title IX.

**Ninth Defense**

Defendant did not have actual knowledge of the alleged harassment.

**Tenth Defense**

Defendant exercised reasonable care to prevent and correct any alleged unlawful behavior based on Plaintiff's sex.  To the extent that Defendant became aware of any potential claims, it took immediate and effective remedial action.  Plaintiff unreasonably failed to take advantage of any corrective and/or preventive opportunities or to avoid harm otherwise.

**Eleventh Defense**

Plaintiff has sustained no damages.

**Twelfth Defense**

Defendant did not cause any harm, injury, or damage to the Plaintiff.

**Thirteenth Defense**

Defendant acted at all times reasonably and in good faith toward Plaintiff.

**Fourteenth Defense**

If Plaintiff has been damaged, it is by reason of the acts or omissions of Plaintiff or some third party, not by reason of anything Defendant did or failed to do.

**Fifteenth Defense**

To the extent Plaintiff has incurred any recoverable damages, she has failed to mitigate those damages by, among other things, failing to pursue civil claims against the alleged perpetrators of the alleged sexual assaults, including a request for civil protective orders, and ignoring offers from Defendant for support and assistance services and/or failing to utilize those services.

**Sixteenth Defense**

Plaintiff's claims, in whole or in part, may be barred by her own misconduct and/or unclean hands.

**Seventeenth Defense**

Defendant reserves the right to assert additional defenses and/or affirmative defenses as they may become known to Defendant during the course of this case.

Defendant answers the individual allegations of the Second Amended Complaint as follows:

1.      Upon information and belief, Plaintiff is an adult resident citizen of Craighead County, Arkansas.  The remaining allegations of Paragraph 1 are denied.

2.      Defendant admits that Plaintiff has sought leave to proceed under a pseudonym. The remaining allegations of Paragraph 2 are denied.

3.      With respect to the allegations in Paragraph 3,  Defendant admits that the University is a public university in the State of Tennessee located at 3720 Alumni Avenue,

Memphis, Tennessee, and may be served with process by serving the Attorney General of the State of Tennessee.  The remaining allegations in Paragraph 3 are denied.

4.     Paragraph 4 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Defendant admits that the Court has subject matter jurisdiction over suits brought under Title IX.  The remaining allegations of Paragraph 4 are denied.

5.     Denied.  Plaintiff has not asserted any state law claims.

6.     Admitted that venue is proper before the Court.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 6, and therefore denies the same and demands strict proof.

7.     Defendant re-alleges and incorporates by reference its responses to paragraphs 1-6 of the Second Amended Complaint as though fully set forth herein.

8.     Admitted.

9.     Paragraph 9 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 9 is denied.

10.    Paragraph 10 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 10 is denied.

11.    With respect to the allegations in Paragraph 11, Defendant admits that the cited language is from the University's Sexual Misconduct and Domestic Violence Policy.  The policy states in relevant part:

> **Time Frames.** All time frames expressed in this policy are meant to be guidelines rather than rigid requirements. Every reasonable effort shall be made to conclude the investigation and resolve the complaint within sixty (60) calendar days following receipt of the complaint. Within this sixty (60) day time frame, it is expected that the Investigator will

conclude the investigation, prepare a written report and finding, and notify the parties in writing of the determination.

All remaining allegations in Paragraph 11 are denied.

12.     Paragraph 12 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 12 is denied.

13.     Paragraph 13 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 13 is denied.

14.     Paragraph 14 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 14 is denied.

15.     Paragraph 15 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 15 is denied.

16.     Paragraph 16 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 16 is denied.

17.     Paragraph 17 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 17 is denied.

18.     Paragraph 18 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 18 is denied.

19.     With respect to the allegations in Paragraph 19, Defendant admits that cited language is from the University's Sexual Misconduct and Domestic Violence Policy.  All remaining allegations in Paragraph 19 are denied.

20.     Defendant admits the allegations in the first sentence of Paragraph 20.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 20, and therefore denies the same and demands strict proof.

21.     Admitted.

6

22.     Based on information and belief, admitted.

23.     The allegations in Paragraph 23 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23, and therefore denies the same and demands strict proof.

24.     The allegations in Paragraph 24 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a response is required, admitted that the Interfraternity Council policies prohibit the possession, sale, or use of any illegal drugs or controlled substances during a fraternity event.  As to the remaining allegations in Paragraph 24, denied.

25.     The allegations in Paragraph 25 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a response is required, the allegations in Paragraph 25 are denied.

26.     The allegations in Paragraph 26 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a

response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26, and therefore denies the same and demands strict proof.

27.     The allegations in Paragraph 27 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a response is required, the allegations in Paragraph 27 are denied.

28.     The allegations in Paragraph 28 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a response is required, the allegations in Paragraph 28 are denied.

29.     The allegations in Paragraph 29 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a response is required, the allegations in Paragraph 29 are denied.

30.     The allegations in Paragraph 30 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a response is required, Defendant admits that the Sigma Chi party was an unregistered event and that no documentation of the event exists.  Defendant lacks knowledge or information sufficient

to form a belief as to the remaining allegations in Paragraph 30, and therefore denies the same and demands strict proof.

31.     The allegations in Paragraph 31 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 31, and therefore denies the same and demands strict proof.

32.     The allegations in Paragraph 32 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32, and therefore denies the same and demands strict proof.

33.     The allegations in Paragraph 33 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33, and therefore denies the same and demands strict proof.

34.     The allegations in Paragraph 34 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had

nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 34, and therefore denies the same and demands strict proof.

35.     The allegations in Paragraph 35 are irrelevant.  Counsel for Plaintiff admitted to the Court during the July 2, 2019 oral argument on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 46, 68) that the fraternity party had nothing to do with the alleged sexual assault of Plaintiff by Nicholas Wayman.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 35, and therefore denies the same and demands strict proof.

36.     The allegations in Paragraph 36 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for Nicholas Wayman's alleged sexual assault upon her.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 36, and therefore denies the same and demands strict proof.

37.     The allegations in Paragraph 37 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for Nicholas Wayman's alleged sexual assault upon her.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 37, and therefore denies the same and demands strict proof.

38.     The allegations in Paragraph 38 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF

Nos. 60, 68) that she is not suing Defendant for Nicholas Wayman's alleged sexual assault upon her.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 38, and therefore denies the same and demands strict proof.

39.     The allegations in Paragraph 39 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for Nicholas Wayman's alleged sexual assault upon her.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39, and therefore denies the same and demands strict proof.

40.     The allegations in Paragraph 40 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for Nicholas Wayman's alleged sexual assault upon her.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 40, and therefore denies the same and demands strict proof.

41.     The allegations in Paragraph 41 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for Nicholas Wayman's alleged sexual assault upon her.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 41, and therefore denies the same and demands strict proof.

42.     The allegations in Paragraph 42 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for Nicholas Wayman's alleged sexual assault upon her.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 42, and therefore denies the same and demands strict proof.

43.     The allegations in Paragraph 43 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for Nicholas Wayman's alleged sexual assault upon her.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 43, and therefore denies the same and demands strict proof.

44.     The allegations in Paragraph 44 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for Nicholas Wayman's alleged sexual assault upon her.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 44, and therefore denies the same and demands strict proof.

45.     The allegations in Paragraph 45 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for Nicholas Wayman's alleged sexual assault upon her.  To the extent a response is required, Defendant lacks knowledge or information sufficient to

form a belief as to the allegations in Paragraph 5, and therefore denies the same and demands strict proof.

46.     The allegations in Paragraph 46 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for Nicholas Wayman's alleged sexual assault upon her.  To the extent a response is required, Defendant admits that, upon information and belief, Plaintiff consented to the Rape Crisis Center's administration of a rape kit, the receipt of emergency contraception, a screen for sexually transmitted infections, and the taking of developmental and injury photographs as needed.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46, and therefore denies the same and demands strict proof.

47.     Defendant admits that Plaintiff reported an alleged sexual assault to the Office for Institutional Equity on April 3, 2017.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 47, and therefore denies the same and demands strict proof.

48.     Paragraph 48 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 48 is denied.

49.     Paragraph 49 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Defendant admits that Plaintiff contacted Assistant Director for Student Conduct Darren Wibberding, and that Director Wibberding asked Plaintiff what she wore the night of her alleged sexual assault.  The remaining allegations in Paragraph 49 are denied.

50.     Paragraph 50 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Defendant admits that Plaintiff was referred to the Office for Institutional Equity.  Defendant admits that Plaintiff spoke to then-Title IX Coordinator Michael Washington.   Defendant admits that Plaintiff advised that she had multiple classes with Nicholas Wayman.  The remaining allegations in Paragraph 50 are denied.

51.     Denied.

52.     Paragraph 52 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 52 is denied.

53.     Paragraph 53 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 53 is denied.

54.     Paragraph 54 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 54 is denied.

55.     Denied.

56.     Defendant admits that Plaintiff requested Nicholas Wayman to be placed on interim suspension.  The remaining allegations in Paragraph 56 are denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     With respect to the allegations in Paragraph 61, Paragraph 61 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent a response

is required, Defendant admits that it referred Plaintiff for counseling at the student counseling office.  The remaining allegations in Paragraph 61 are denied.

62.     Denied.

63.     Defendant admits that Plaintiff sent an email to the Office of President M. David Rudd on April 4, 2017, and that the email speaks for itself.  The remaining allegations in Paragraph 63 are denied.

64.     With respect to the allegations in Paragraph 64, Defendant admits that President Rudd initially scheduled a call for April 5, 2017 but that call was rescheduled to a later date.  The remaining allegations in Paragraph 64 are denied.

65.     With respect to the allegations in Paragraph 65, Defendant admits that General Counsel Melanie Murry sent Plaintiff an email dated April 5, 2017 and that the email speaks for itself.   The remaining allegations in Paragraph 65 are denied.

66.     With respect to the allegations in Paragraph 66, Defendant admits that General Counsel Melanie Murry sent a follow-up email to Plaintiff and that the email speaks for itself. The remaining allegations in Paragraph 66 are denied.

67.     Paragraph 67 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 67 is denied.

68.     Paragraph 68 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 68 is denied.

69.     Paragraph 69 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 69 is denied.

70.     Paragraph 70 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 70 is denied.

71.     Paragraph 71 and its footnote contain argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 71 is denied.

72.     Paragraph 72 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 72 is denied.

73.     Paragraph 73 contains argument, legal principles, or legal conclusions, to which no response is required.  Further, the University is not a member of the Tennessee Board of Regents to which Plaintiff's alleged policy applies.  To the extent that a response is required, Paragraph 73 is denied.

74.     Paragraph 74 contains argument, legal principles, or legal conclusions, to which no response is required.  Further, the University is not a member of the Tennessee Board of Regents to which Plaintiff's alleged policy applies.  To the extent that a response is required, Paragraph 74 is denied.

75.     Paragraph 75 contains argument, legal principles, or legal conclusions, to which no response is required.  Further, the University is not a member of the Tennessee Board of Regents to which Plaintiff's alleged policy applies.  To the extent that a response is required, Paragraph 75 is denied.

76.     Paragraph 76 contains argument, legal principles, or legal conclusions, to which no response is required.  Further, the University is not a member of the Tennessee Board of Regents to which Plaintiff's alleged policy applies.  To the extent that a response is required, Paragraph 76 is denied.

77.     Paragraph 77 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 77 is denied.

16

78.     Paragraph 78 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 78 is denied.

79.     Based on information and belief, admitted.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 80, and therefore denies the same and demands strict proof.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 81, and therefore denies the same and demands strict proof.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 82, and therefore denies the same and demands strict proof.

83.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 83, and therefore denies the same and demands strict proof.

84.     The allegations in Paragraph 84 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for the alleged sexual assault of Plaintiff by "T.J. Tate."  (*See* ECF 60, at PageID# 461 ("Plaintiff has not sued Defendant for her rapes.")).  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 84, and therefore denies the same and demands strict proof.

85.     Defendant admits the allegations contained within footnote 2 of Paragraph 85. The remaining allegations in Paragraph 85 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for the alleged sexual assault of Plaintiff by "T.J. Tate." (*See* ECF 60, at PageID# 461 ("Plaintiff has not sued Defendant for her rapes.")).  To the extent

a response is required, Defendant lacks knowledge or information sufficient to form a belief as to those remaining allegations in Paragraph 85, and therefore denies the same and demands strict proof.

86.     The allegations in Paragraph 86 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF Nos. 60, 68) that she is not suing Defendant for the alleged sexual assault of Plaintiff by "T.J. Tate."  (*See* ECF 60, at PageID# 461 ("Plaintiff has not sued Defendant for her rapes.")).  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 86, and therefore denies the same and demands strict proof.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 87, and therefore denies the same and demands strict proof.

88.     Admit that campus policed advised Defendant that Plaintiff reported a second sexual assault by another student.  The remaining allegations in Paragraph 88 contain argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, the remaining allegations in Paragraph 88 are denied.

89.     Paragraph 89 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies that "T.J. Tate" was a member of the Lambda Chi Alpha fraternity on Defendant's campus.  As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 89, and therefore denies the same and demands strict proof.

90.     Paragraph 90 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 90 is denied.

18

91.     Paragraph 91 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 91 is denied.

92.     Paragraph 92 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 92 is denied.

93.     Denied.

94.     Admitted that H. Phuong Nguyen advised Plaintiff that the Office for Institutional Equity would be required to open a new investigation.  The remaining allegations in Paragraph 94 are denied.

95.     Admitted that Plaintiff made inquiry to Defendant on May 3, 2017, regarding whether "T.J. Tate" made a statement, and the communications speak for themselves.  The remaining allegations in Paragraph 95 are denied.

96.     With respect to the allegations in Paragraph 96, Defendant admits that H. Phuong Nguyen contacted Plaintiff on May 4, 2017, regarding the Tate investigation and that her email communication speaks for itself.  The remaining allegations in Paragraph 96 are denied.

97.     Defendant admits that the Office for Institutional Equity contacted Plaintiff on May 8, 2017 regarding the "T.J. Tate" investigation and that the email communication speaks for itself.  Paragraph 97 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 97 are denied.

98.     Paragraph 98 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 98 is denied.

99.     Denied.

100.     Admitted that Defendant contacted Plaintiff on May 15, 2017, and any associated email communications speak for themselves.  The remaining allegations in Paragraph 100 are denied.

101.     Admitted that Defendant contacted Plaintiff on May 15, 2017, and any associated email communications speak for themselves.  The remaining allegations in Paragraph 101 are denied.

102.     Admitted that Plaintiff provided Defendant with photographs on May 17, 2017, and that the photographs speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 102, and therefore denies the same and demands strict proof.

103.     Admitted that, per Plaintiff's request, Defendant held her case in abeyance pending the criminal investigation.  To the extent Plaintiff suggests that Defendant held her case in abeyance without her request, those allegations in Paragraph 103 are denied.

104.     Admitted that Plaintiff requested her case be held in abeyance.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 104, and therefore denies the same and demands strict proof.

105.     Paragraph 105 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 105 is denied.

106.     Paragraph 106 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 106 is denied.

107.     Paragraph 107 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 107 is denied.

108.     Denied.

109.     Admitted that Plaintiff contacted Defendant on May 30, 2017, and that the email communications speak for themselves.  The remaining allegations in Paragraph 109 are denied.

110.     Admitted that Plaintiff contacted Defendant on May 30, 2017, and that the email communications speak for themselves.  The remaining allegations in Paragraph 110 are denied.

111.     Admitted that Plaintiff contacted Defendant about an alleged issue with her car, and the communications speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 111, and therefore denies the same and demands strict proof.

112.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 112, and therefore denies the same and demands strict proof.

113.     Regarding the first sentence in Paragraph 113, admitted that Defendant and Plaintiff communicated regarding the Nicholas Wayman investigation, and that the communications speak for themselves.  As to the remaining allegations in the first sentence in Paragraph 113, denied.  The remaining allegations contained in the second sentence are denied.

114.     Admitted that Defendant and Plaintiff communicated regarding the "T.J. Tate" investigation, and that the communications speak for themselves.  The remaining allegations in Paragraph 114 are denied.

115.     Admitted that Defendant and Plaintiff discussed the "T.J. Tate" investigation, and that the communications speak for themselves.  The remaining allegations in Paragraph 115 are denied.

116.     Paragraph 116 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 116 is denied.

117.    Paragraph 117 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 117 is denied.

118.    Denied.

119.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 119, and therefore denies the same and demands strict proof.

120.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 120, and therefore denies the same and demands strict proof.

121.    Admitted that Defendant contacted Plaintiff on June 1, 2017, regarding an investigation into the allegation that Nicholas Wayman violated an interim measure directive, and that the communication speaks for itself.

122.    Admitted that Defendant placed Nicholas Wayman in suspension status through August 27, 2017.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 122, and therefore denies the same and demands strict proof.

123.    Denied.

124.    Admitted that Plaintiff communicated with Defendant in June 2017, and that those communications speak for themselves.  The remaining allegations in Paragraph 124 are denied.

125.    Admitted that Defendant contacted Plaintiff on June 2, 2017 regarding the issuance of a No Contact directive, and that the communications speak for themselves.  The remaining allegations in Paragraph 125 of the Second Amended Complaint are denied.

126.    Paragraph 126 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 126 is denied.

127.    Admitted that Defendant arranged for Plaintiff to attend counseling sessions on Defendant's campus.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 127, and therefore denies the same and demands strict proof.

128.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 128, and therefore denies the same and demands strict proof.

129.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 129, and therefore denies the same and demands strict proof.

130.    Paragraph 130 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 130, and therefore denies the same and demands strict proof.

131.    The allegations in Paragraph 131 are irrelevant.  Plaintiff clarified in her Response to Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment that she is not suing Defendant for the alleged sexual of Plaintiff by either Tate or Wayman.  (ECF 60, at PageID# 461 ("Plaintiff has not sued Defendant for her rapes.")).  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 131, and therefore denies the same and demands strict proof.

132.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 132, and therefore denies the same and demands strict proof.

133.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 133, and therefore denies the same and demands strict proof.

134.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 134, and therefore denies the same and demands strict proof.

135.     Upon information and belief, admitted.

136.     Upon information and belief, admitted.

137.     Admitted that on August 9, 2017, Defendant contacted Plaintiff regarding her class schedule, and that the communications speak for themselves.  The remaining allegations in Paragraph 137 are denied.

138.     Admitted that on August 9, 2017, Defendant contacted Plaintiff regarding a change of director with the Office for Institutional Equity, and that the communications speak for themselves.  The remaining allegations in Paragraph 138 are denied.

139.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 139, and therefore denies the same and demands strict proof.

140.     Paragraph 140 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 140, and therefore denies the same and demands strict proof.

141.     Denied as stated.

142.     Admitted that Defendant contacted Plaintiff on August 25, 2017, regarding potential evidence for her complaints against Wayman and Tate.  The remaining allegations in Paragraph 142 are denied.

143.     Admitted that Defendant contacted Plaintiff on August 25, 2017, regarding Plaintiff and Wayman having a class in the same building at the same time, and that the communications speak for themselves.  The remaining allegations in Paragraph 143 are denied.

144.     Admitted that Defendant contacted Plaintiff on August 25, 2017, regarding Plaintiff and Wayman having a class in the same building at the same time, and that the communications speak for themselves.  The remaining allegations in Paragraph 144 are denied.

145.     Admitted that Defendant contacted Plaintiff on August 25, 2017, regarding Plaintiff and Wayman having a class in the same building at the same time, and that the communications speak for themselves.  Admitted that Defendant placed Wayman under suspension status through August 27, 2019.  The remaining allegations in Paragraph 145 are denied.

146.     Admitted that Defendant contacted Plaintiff on August 25, 2017, regarding Plaintiff and Wayman having a class in the same building at the same time, and that the communications speak for themselves.  The remaining allegations in Paragraph 146 are denied.

147.     Paragraph 147 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 147, and therefore denies the same and demands strict proof.

148.     Admitted that Plaintiff contacted Defendant on September 1, 2017, with additional requests for interim measures.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 148, and therefore denies the same and demands strict proof.

149.     Admitted that Defendant contacted Plaintiff on September 5, 2017, regarding her request for additional services and interim measures, and that the communications speak for themselves.  The remaining allegations in Paragraph 149 are denied.

150.    Paragraph 150 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 150, and therefore denies the same and demands strict proof.

151.    To the extent the allegations in Paragraph 151 suggest that the Daily Helmsman is the official school newspaper of the University of Memphis, those allegations are denied. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 151, and therefore denies the same and demands strict proof.

152.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 152, and therefore denies the same and demands strict proof.

153.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 153, and therefore denies the same and demands strict proof.

154.    Admitted that the Daily Helmsman published an article with the headline "Student Raped Twice in 20 Days: Alleged Assailants Reaming U of M Students."  Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 154, and therefore denies the same and demands strict proof.

155.    Admitted that the Daily Helmsman published an article detailing claims by a student allegedly involved in two sexual assaults, and the article speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 155, and therefore denies the same and demands strict proof.

156.    Paragraph 156 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or

information sufficient to form a belief as to the allegations in Paragraph 156, and therefore denies the same and demands strict proof.

157.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 157 and its accompanying footnote, and therefore denies the same and demands strict proof.

158.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 158, and therefore denies the same and demands strict proof.

159.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 159, and therefore denies the same and demands strict proof.

160.    Paragraph 160 also contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 160, and therefore denies the same and demands strict proof.

161.    Admitted that Plaintiff contacted Defendant about a tweet that included Plaintiff's name.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 161, and therefore denies the same and demands strict proof.

162.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 162, and therefore denies the same and demands strict proof.

163.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 163, and therefore denies the same and demands strict proof.

164.    Paragraph 164 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 164 is denied.

165.    Paragraph 165 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 165, and therefore denies the same and demands strict proof.

166.    Admitted.

167.    With respect to the allegations in Paragraph 167, Defendant admits that President Rudd expressed his condolences to Plaintiff with respect to her alleged sexual assaults.  The remaining allegations in Paragraph 167 are denied.

168.    Denied.

169.    Paragraph 169 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 169, and therefore denies the same and demands strict proof.

170.    Paragraph 170 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 170 is denied.

171.    Admitted.

172.    Denied.

173.    Denied.

174.    Admitted that Defendant contacted Plaintiff regarding her completed interview and the following procedural steps in connection with her complaint against Tate, and those communications speak for themselves.  The remaining allegations in Paragraph 174 are denied.

175.    Paragraph 175 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Paragraph 175 is denied.

176. Admitted that Defendant contacted Plaintiff regarding her completed interview and the following procedural steps in connection with her complaint against Tate, and those communications speak for themselves. The remaining allegations in Paragraph 176 are denied.

177. Paragraph 177 contains argument, legal principles, or legal conclusions, to which no response is required. To the extent that a response is required, Paragraph 177 denied.

178. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 178, and therefore denies the same and demands strict proof.

179. With respect to the allegations in Paragraph 179, Defendant admits that on January 11, 2018, Plaintiff filed her initial complaint in this litigation. The remaining allegations in Paragraph 179 contain argument, legal principles, or legal conclusions, to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 179, and therefore denies the same and demands strict proof.

180. Paragraph 180 contains argument, legal principles, or legal conclusions, to which no response is required. To the extent that a response is required, Paragraph 180 is denied.

181. Paragraph 181 contains argument, legal principles, or legal conclusions, to which no response is required. To the extent that a response is required, admitted that Defendant complied with its obligations under Title IX regarding Plaintiff's complaints of alleged sexual harassment. The remaining allegations in Paragraph 181 are denied.

182. Admitted that on March 15, 2018, Defendant concluded its investigation into Plaintiff's complaint regarding Wayman and issued a report, and that the report speaks for itself. The remaining allegations in Paragraph 182 are denied.

183.    Paragraph 183 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, admitted that Defendant issued a report regarding its investigation into Plaintiff's complaint regarding Wayman, and that the report speaks for itself.  The remaining allegations in Paragraph 183 are denied.

184.    Paragraph 184 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, admitted that Defendant suspended Wayman on April 27, 2018.  The remaining allegations in Paragraph 184 is denied.

185.    Admitted that Defendant issued a report regarding the investigation into Plaintiff's complaint regarding Tate, and that the report speaks for itself.  The remaining allegations in Paragraph 185 contain argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, the remaining allegations in Paragraph 185 are denied.

186.    Admitted that Defendant issued a report regarding the investigation into Plaintiff's complaint regarding Tate, and that the report speaks for itself.  The remaining allegations in Paragraph 186 contain argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, the remaining allegations in Paragraph 186 are denied.

187.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 187, and therefore denies the same and demands strict proof.

188.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 188, and therefore denies the same and demands strict proof.

189.    Paragraph 189 contains argument, legal principles, or legal conclusions, to which no response is required.  To the extent that a response is required, Defendant admits that it held a

campus town hall in the fall of 2017.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 189, and therefore denies the same and demands strict proof.

190.    Defendant re-alleges and incorporates by reference its responses to paragraphs 1-189 of the Second Amended Complaint as though fully set forth herein.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Defendant denies all allegations in the Second Amended Complaint not previously admitted, including, but not limited to the various title and paragraph headings.

200.    Defendant denies that Plaintiff is entitled to the relief she seeks.

WHEREFORE, having fully answered the Second Amended Complaint filed herein, Defendant University respectfully requests that the Court dismiss this action with prejudice, order Plaintiff to pay Defendant's costs herein incurred and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**HERBERT H. SLATERY III**
**ATTORNEY GENERAL AND REPORTER**

s/ David M. Rudolph
David M. Rudolph, BPR #13402
Assistant Attorney General
Robert W. Wilson, BPR #34492
Assistant Attorney General
Office of the Attorney General and Reporter
40 South Main Street, Suite 1014
Memphis, TN 38103-1877
Phone: (901) 543-4162
Email: David.Rudolph@ag.tn.gov
Email: Robert.Wilson@ag.tn.gov

Matthew D. Janssen, BPR #035451
Assistant Attorney General
Office of the Attorney General and Reporter
UBS Tower, 18th Floor
P.O. Box 20207 Nashville, TN 37202-0207
Phone:  (615) 741-7087
Matthew.Janssen@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's ECF system to:

Brice M. Timmons, Esq.
Megan E. Arthur, Esq.
Christopher M. Williams, Esq.
BLACK, MCLAREN, JONES,
  RYLAND & GRIFFEE, P.C.
530 Oak Court Drive, Suite 360
Memphis, Tennessee 38117
*Attorneys for Plaintiff*

s/ David M. Rudolph